CASE 98—ACTION BY E. A. TUTTLE AGAINST H. S. HARRIS AND OTH-
ERS TO ENFORCE A MORTGAGE LIEN.—FEB. 17.

# Harris v. Tuttle.

APPEAL FROM BARREN CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT, HARRIS, APPEALS. AF-
FIRMED.

PARTNERSHIP—MORTGAGE—FIRM DEBTS—PRIORITY.

Held: 1. Each of two partners gave a mortage on an undivided
one-half of the partnership property to secure a personal debt,
but before they were recorded, the partners gave a mortgage on
the firm property to secure a prior debt. One of the partners
testified that the other partner understood when the first mort-
gages were given that they only gave a lien on their inter-
est in the property after the partnership debts were paid, each
partner reserving his equitable lien for the payment of part-
nership debts. The other partner contradicted such testimony,
but the mortgagee in the firm mortgage testified that the lat-
ter partner stated that there was no prior mortgage lien. The
lower court held that all the firm's debts were superior liens
and should be paid before the individual debts of the partners
and this judgment is affirmed.

JOHN W. RAY AND STURGEON & JAMES, FOR APPELLANTS.

### POINTS DISCUSSED.

1. The equitable lien of general creditors of a partnership on
the partnership property is derivative only. They can only
assert such lien when the partners themselves can do so.

2. When the partners, Harris and Bowen, each on the same
day and with a previous agreement so to do, executed to appel-
lant, Harriet S. Harris and to appellee, Tuttle, separate mort-
gages for the same sum, on the partners' undivided one-half of
the partnership property, all right of the partnership lien was
waived.

3. As to the debt of $400, for which a mortgage was executed
to the banking company can have no lien derived from the
partners, it must stand on the date of its lodgment for rec-
ord. This was subsequent to the mortgage of appellant on the
separate interest.

Harris v. Tuttle.

## CITATIONS.

78 Ky., 33, Couchman v. Maupin; 2 Met., 356, Jones v. Lusk; 13 B. M., 414, Wilson v. Soper; 6. B. M., 128, Pearson & Anderson v. Keedy; 95 Ky., 512; Hill v. Cornwall & Bro.; 16 B. M., 237, Ely v. Hair; 121 U. S., 310, Huiskamp v. Moline Plow Co.; 45 Fed., 648, Lockett v. Rumbaugh; 122 Mo., 431, Goddard Gro. Co. v. McCune; 102 Wis., 317, Excelsior Mill Co. v. Hanover; 43 Am. St. Rep., 374, note.

W. L. PORTER & V. H. BAIRD, FOR APPELLEE.

### POINTS DISCUSSED AND AUTHORITIES CITED.

1. It is established by the proof, in the record, that the mortgage of appellant, on the undivided interest of J. T. Harris, is superior to the mortgage of appellee, Tuttle, on the same property.

2. Does not the facts show that the lien of appellee is superior to that of appellant by the equitable rule of subrogation? Couchman's Admr. v. Maupin, 78 Ky. Rep., p. 39; 20 Law Rep., 1502; 21 Law Rep., Henley v. Farris, 103 Mo., 78 and 23 A. M., State Rep., 863.

3. If the mortgage of the appellee is inferior to that of appellant, and also not superior by the rule of subrogation, then if the partners and the firm were insolvent at the time of the execution of appellant's mortgage, and appellant knew that fact, would not the general rules of equity defer appellant's debts until the firm debts were paid? Parsons on Contract, 228 and 121.

4. If a partnership is insolvent can either partner waive his equitable lien and thereby defeat the firm creditors in the collection of their defects? Jackson Bank v. R. W. Durfey, &c., 72 Miss., 971, and Book 31, L. R. A., 470. Davies v. Adkinson, 124 Ill., 474, and 7 Am. St. Rep., 373; Wilson v. Soper, 13 B. M., 415, 45 N. J. Eq., 186 and 14 Am. Stat. Rep., 712.

OPINION OF THE COURT BY JUDGE NUNN—AFFIRMING.

The substance of the facts in this case appear to be that J. T. Harris, who is a son of appellant, H. S. Harris, and S. L. Bowen, who is a son-in-law of appellee, E. A. Tuttle, formed a co-partnership under the style of the Glasgow Electric Light & Power Company. They were equal partners. Each borrowed the capital with which he began,—Harris, from his mother, appellant; and Bowen from his father-in-law, Tuttle, appellee. The sum loaned

in each instance was $7,500. It was agreed all along that each was to give a mortgage on the undivided one-half of the property to secure the loan made. On the 27th of May, 1898, the final amount to make the $7,500 was loaned to Harris by his mother, and on that day he executed to her his note for the full sum, and also executed a mortgage to her on his one-half of the property to secure the note, as he had agreed to do. On the same day, Bowen executed a note and a mortgage to appellee, Tuttle, for the like sum of $7,500 to secure the loan from him, as he had agreed to do. These mortgages were not acknowledged and lodged for record until June 17, 1898. On May 31, 1898, just four days after the execution of the notes and mortgages, but before they were acknowledged and lodged for record, Harris and Bowen executed a note and mortgage to Trigg & Co., to secure a prior indebtedness, in the sum of $4,000. This mortgage to Trigg & Co. was filed and recorded November 8, 1898. This note and mortgage for $4,000 was sold and transferred by Trigg & Co. to appellee, E. A. Tuttle, and he brought suit upon it on the 21st day of January, 1899, against Harris & Bowen, as partners, and Annie M. Bowen and H. S. Harris, etc. Appellee alleged in his petition that his lien for the $4,000 mortgage debt was a prior lien over the mortgage debt of himself and that of appellant, H. S. Harris, for $7,500 each. The appellant filed an answer denying this allegation, and alleging that her mortgage was a superior lien to that of appellee, for the $4,000 debt, or any one else, except the mechanic's lien of E. B. Davis. The special commissioner in the case reported, and the lower court adjudged, that all of the firm's debts were superior liens, and should be paid before the individual debts of the two partners; and on

this judgment Tuttle received on his $4,000 debt and its interest the sum of $3,529.50, and the appellant, H. S. Harris, excepted to this judgment, and is now here on appeal.

Appellant claims that by the mortgage of her son to herself, and H. L. Bowen to his father-in-law, Tuttle, of their undivided half, each, of the partnership property, they by that act waived all their rights to partnership liens, and that the general creditors of the partnership have no lien upon the partnership property; that their lien is derivative only; and that they can only assert such lien when the partners themselves can do so. Admitting this to be true, the mortgages were each executed individually,—Bowen to Tuttle, and Harris to his mother,—conveying each of their undivided half interests in said partnership property. And construing these mortgages, they only put in lien to the mortgagees their interests in the property after the partnership debts were paid; each partner reserving his equitable lien upon all the property for the payment of partnership debts. Bowen swears that this was the understanding with Harris at the time these individual mortgages were executed. Harris contradicts him in his testimony. Trigg and Dickinson, of the firm of Trigg & Co., corroborate Bowen. They say that they made the loan of $4,000 to Bowen & Harris directly with Harris, and that they would not have loaned the money to them except upon the statement of Harris, that there was no mortgage lien of any kind upon the property.

For these reasons the judgment of the lower court is affirmed.